NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH CESENA, an individual, <br><br> Plaintiff, <br><br> v. <br><br> WAL-MART ASSOCIATES, INC.; WAL-MART STORES, INC.; MICHELLE AVILLA, an individual; LARRY EZELL, an individual; SIBO AISADONGHI, an individual; ROXANNE RODRIGUEZ, an individual; and DOES 1 to 100, inclusive. <br><br> Defendants. | CASE NO. CV 16-2388-R <br><br> ORDER GRANTING DEFENDANTS' MOTION TO DISMISS INDIVIDUALLY NAMED DEFENDANTS MICHELLE AVILLA, LARRY EZELL, AND ROXANNE RODRIGUEZ AND DENYING PLAINTIFF'S MOTION TO REMAND |

Before the Court are two motions: (1) Defendants' Motion to Dismiss Individually Named Defendants Michelle Avilla, Larry Ezell, and Roxanne Rodriguez (hereinafter, collectively, the "Individual Defendants") (Dkt. No. 8); and (2) Plaintiff's Motion to Remand (Dkt. No. 7), which were filed on March 2, 2016. Having been thoroughly briefed by all parties, this Court took the matter under submission on June 1, 2016.

The Court begins by addressing Defendants' Motion to Dismiss the Individual Defendants. On a motion to dismiss, the trial court takes all well-pleaded facts in the complaint to be true and

1  determines whether, based upon those facts, the complaint states a claim upon which relief may be
2  granted. Fed. R. Civ. P. 12(b)(6); s*ee Alperin v. Vatican Bank*, 410 F.3d 532, 541 (9th Cir. 2005).
3  To state a claim, the complaint must contain factual assertions which make the claimed relief not
4  merely possible, but "plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009); *Bell Atlantic Corp.*
5  *v. Twombly*, 550 U.S. 544, 570 (2007). Although factual assertions are taken as true, the court
6  does not accept legal conclusions as true. *Id*.

7  Dismissal under Federal Rule of Civil Procedure 12(b)(6) is proper only when a complaint
8  exhibits either a "(1) lack of a cognizable legal theory or (2) the absence of sufficient facts alleged
9  under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir.
10 1988). Under the heightened pleading standards of *Twombly* and *Iqbal*, a plaintiff must allege
11 "enough facts to state a claim to relief that is plausible on its face," so that the defendant receives
12 "fair notice of what the…claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 570.
13 The plaintiff must plead factual content that allows the court to draw the reasonable inference that
14 the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. The court will not accept
15 "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.
16 . . ." *Id*.

17 Plaintiff asserts two claims against the Individual Defendants for (1) Failure to Prevent
18 Discrimination and Retaliation (Cal. Gov't Code § 12940(k)) and (2) intentional infliction of
19 emotional distress ("IIED"). The parties agree that, as a matter of law, the claim of Failure to
20 Prevent Discrimination and Retaliation must be dismissed because individual employees cannot be
21 sued under that statutory FEHA claim.

22 Plaintiff's other cause of action is for IIED. However, because California's Workers'
23 Compensation Act provides the exclusive remedy for injuries arising out of and in the course of
24 employment, Plaintiff's IIED claim is preempted.  Plaintiff's IIED claim arises solely from the
25 conduct associated with her employment; therefore, any emotional distress arising out of
26 personnel decisions is subject to workers' compensation exclusivity. *Vacant v. State Comp. Ins.*
27 *Fund*, 24 Cal. 4th 800 (2001). Accordingly, Plaintiff's IIED claim as to the Individual Defendants
28 is dismissed.

A district court may deny a plaintiff leave to amend if it determines that allegations of other facts consistent with the challenged pleading could not possibly cure the deficiency. *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010). Even if the Complaint is broadly construed and the truth of the allegations are assumed, there is no basis for concluding that Plaintiff's claims can be saved by amending the complaint. Based on the facts alleged by Plaintiff, there is no cognizable legal theory that could support liability against the Individual Defendants, and dismissal with prejudice is appropriate.

The Court now turns to Plaintiff's Motion to Remand. A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state . . . ." 28 U.S.C. § 1332 (a)(1)-(2).

In light of the Court's ruling above, the only remaining parties in this action are Plaintiff, who is a citizen of California, and Defendant Walmart, which is incorporated in Delaware and has its principal place of business in Arkansas: moreover, since neither party has objected to the amount in controversy, complete diversity exists and this Court has subject matter jurisdiction.

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Individually Named Defendants Michelle Avilla, Larry Ezell, and Roxanne Rodriguez is GRANTED with PREJUDICE. (Dkt. No. 8).

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand is DENIED. (Dkt. No. 7).

Dated: June 8, 2016.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE